Filing # 133224154 E-Filed 08/23/2021 03:47:02 PM

| | |
|---|---|
| LUZ VALLEJO,<br><br>    Plaintiff,<br>vs.<br><br>TARGET CORPORATION,<br>a Foreign Profit Corporation, and<br>JOHN/ JANE DOE, an individual,<br><br>    Defendants.<br>_____/ | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>CASE NO.: 2021-019-676-CA-01 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LUZ VALLEJO, by and through her undersigned counsel and sues the Defendant, TARGET CORPORATION, a Foreign Profit Corporation, and alleges:

1. This is a cause of action for damages in excess of Thirty Thousand Dollars ($30,000.00).

2. At all times material hereto, Plaintiff, LUZ VALLEJO, was and is a resident of Miami-Dade County, Florida, over the age of eighteen (18) and otherwise sui juris.

3. At all times material hereto, Defendant, TARGET CORPORATION, a Foreign Profit Corporation (hereinafter "TARGET"), was and is a Foreign Profit Corporation, authorized and doing business in Miami-Dade County, Florida with its agent for service of process in Plantation, Florida.

4. At all times material hereto, Defendant, TARGET, was and is the owner and operator of and had dominion and control of the premises known as TARGET Miami Central, located at 3401 North Miami Avenue Suite 100, Miami, Florida 33127.

5. At all times material hereto, Defendant, JOHN/JANE DOE (hereinafter "DOE"), was the manager of the TARGET Miami Central, located at 3401 North Miami Avenue Suite 100, Miami, Florida 33127, and is a resident of the State of Florida, over the age of eighteen (18) and is otherwise sui juris. Plaintiff will amend her Complaint when the true name of this Defendant, becomes known.

6. On August 25, 2019, Plaintiff, LUZ VALLEJO, was a business invitee of Defendant, TARGET, when suddenly and without warning she was caused to slip and fall on a slippery substance present on the floor, causing her to violently fall to the ground and sustain serious injuries and damages due to the negligence of

the Defendants TARGET and DOE, in the ownership, operation, maintenance and control of the TARGET Miami Central, located at 3401 North Miami Avenue Suite 100, Miami, Florida 33127.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, TARGET

Plaintiff realleges and adopts paragraphs 1 through 6 and incorporates them as if they were fully set forth herein.

7. At all times material hereto, Defendant, TARGET, owned, operated, maintained and exercised dominion and control over its TARGET Miami Central, located at 3401 North Miami Avenue Suite 100, Miami, Florida 33127.

8. As the entity responsible for owning, operating, maintaining and controlling its TARGET Supercenter premises, Defendant, TARGET, owed a non-delegable duty to the Plaintiff to take all reasonable steps to ensure her safety while within the Defendant's store premises.

9. Specifically, Defendant, TARGET, owed a non-delegable duty to Plaintiff to use reasonable care to ensure that Plaintiff was able to safely and adequately utilize the premises in question without being subject to the dangers associated with a defective and dangerous condition that existed at the time of Plaintiff's fall.

10. Defendant, TARGET, breached its non-delegable duty to the Plaintiff by carelessly and negligently failing to properly maintain its premises or warn the Plaintiff of the aforementioned dangerous and defective condition on its premises. Specifically, Defendant breached its duty of due care owed to Plaintiff, including but not limited to, one or more of the following ways:

    a. Failing to ensure a safe, hazard free environment;

    b. Failing to properly inspect the subject area to ensure it was in good condition;

    c. Failing to protect its invitees from known hazards within its premises;

    d. Failing to place caution or warnings in the area where Plaintiff's injuries occurred;

    e. Failing to take proper and necessary safety precautions to prevent Plaintiff's accident;

    f. Failing to maintain its premises in a safe condition;

    g. Failing to ensure the placement of detectable or visible markings or warnings;

    h. Failing to adequately train its personnel in the necessary precautions which could have prevented this accident;

    i. Failing to reduce, minimize or eliminate the known and/or foreseeable risks and dangers associated with the dangerous and defective condition that caused Plaintiff's fall;

    j. Failing to warn its business invitees of the danger and risk associated with utilizing the defective area;

    k. By allowing the aforementioned hazardous condition to exist, although Defendant knew, or in the exercise of reasonable care, should have known, about the existence of the hazardous condition, and it further represented that its premises was safe and suitable when, in fact, it was not because of the aforedescribed hazardous condition;

    l. By failing to correct or remedy the aforedescribed dangerous and hazardous condition, although Defendant knew, or in the exercise of reasonable care should have known, about the existence of said condition, and it further represented to its business invitees that its premises was safe and suitable when, in fact, it was not because of the hazardous condition as aforesaid; and

    m. In causing and creating the dangerous, hazardous and defective condition that caused the Plaintiff's fall.

11. As a direct and proximate result of the negligence of the Defendant, TARGET, Plaintiff, LUZ VALLEJO, suffered damages including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff LUZ VALLEJO, demands judgment against the Defendant, TARGET CORPORATION, for damages which are in excess of the sum of THIRTY THOUSAND DOLLARS ($30,000.00) exclusive of costs, interest and attorney's fees, and further demands trial by jury.

## COUNT II - NEGLIGENCE AGAINST DEFENDANT DOE

Plaintiff realleges and adopts paragraphs 1 through 6, and incorporates them as if they

were fully set forth herein.

12. At all times material hereto Defendant, DOE, was the manager of the Defendant TARGET Miami Central, located at 3401 North Miami Avenue Suite 100, Miami, Florida 33127.

13. As the manager of the entity responsible for owning, operating, maintaining and controlling the aforementioned premises, Defendant, DOE, owed a duty to the Plaintiff to take all reasonable steps to ensure her safety while within the aforementioned TARGET premises.

14. Specifically, Defendant, DOE, owed a duty to Plaintiff to use reasonable care to ensure that Plaintiff was able to safely and adequately utilize the premises in question without being subject to the dangers associated with a defective and dangerous condition that existed at the time of Plaintiff's fall.

15. Defendant, DOE, breached the duty owed to the Plaintiff by carelessly and negligently failing to properly maintain and manage the aforementioned TARGET Superstore premises or warn the Plaintiff of the aforementioned dangerous and defective condition on the premises. Specifically, Defendant DOE, breached the duty of due care owed to Plaintiff, including but not limited to, one or more of the following ways:

    a. Failing to ensure a safe, hazard free environment;

    b. Failing to properly inspect the subject area to ensure it was in good condition;

    c. Failing to protect the store's invitees from known hazards within the premises;

    d. Failing to ensure the placement of caution or warnings in the area where Plaintiff's injuries occurred;

    e. Failing to take proper and necessary safety precautions to prevent Plaintiff's accident;

    f. Failing to ensure that the store premises was maintained in a safe condition;

    g. Failing to ensure the placement of detectable or visible markings or warnings;

    h. Failing to adequately train store personnel in the necessary precautions which could have prevented this accident;

    i. Failing to reduce, minimize or eliminate the known and/or foreseeable

      risks and dangers associated with the dangerous and defective condition that caused Plaintiff's fall;

  j. Failing to warn the store's business invitees of the danger and risk associated with utilizing the defective area;

  k. By allowing the aforementioned hazardous condition to exist, although Defendant knew, or in the exercise of reasonable care, should have known, about the existence of the hazardous condition, and it further represented that its premises was safe and suitable when, in fact, it was not because of the aforedescribed hazardous condition; and

  l. By failing to correct or remedy the aforedescribed dangerous and hazardous condition, although Defendant knew, or in the exercise of reasonable care should have known, about the existence of said condition, and it further represented to its business invitees that its premises was safe and suitable when, in fact, it was not because of the hazardous condition as aforesaid; and

  m. In causing and creating the dangerous, hazardous and defective condition that caused the Plaintiff's fall.

16. As a direct and proximate result of the negligence of Defendant DOE, Plaintiff, LUZ VALLEJO, suffered damages including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, LUZ VALLEJO, will suffer these losses in the future.

WHEREFORE, Plaintiff LUZ VALLEJO, demands judgment for damages which are in excess of the sum of THIRTY THOUSAND and 00/100 ($30,000.00) DOLLARS against the Defendant, DOE, exclusive of costs, interest and attorney's fees, and further demands trial by jury.

Respectfully submitted on this 23rd day of August, 2021 by:

                              ALEXIS IZQUIERDO, P.A.
                              102 East 49th Street
                              Hialeah, FL 33013
                              Telephone: (305) 826-9994
                              Facsimile:  (305) 826-1119
                              aizquierdo@izquierdolaw.com
                              vdelpino@izquierdolaw.com

By: __/s/_____
      ALEXIS IZQUIERDO
      Florida Bar No.: 994634